GLD-073                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3842
_____

CLARENCE GLENN,
                                        Appellant

v.

PENNSYLVANIA BOARD OF PROBATION AND PAROLE
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 1-10-cv-01520)
District Judge: Honorable William W. Caldwell

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
December 22, 2010

Before:  AMBRO, CHAGARES and NYGAARD, Circuit Judges

(Opinion filed: January 4, 2011)
_____

OPINION
_____

PER CURIAM

       Clarence Glenn, an inmate at the State Correctional Institute at Frackville,

Pennsylvania, appeals from an order of the District Court dismissing sua sponte his pro se

civil rights complaint as frivolous.  For the reasons that follow, we will summarily affirm.

For the purposes of our review, we take the following facts from Glenn's complaint as true. In November 2008, Glenn sought credit against his sentence for the time between March 4, 1992, and October 12, 1993. This request was denied. He appealed to the Parole Board, but was unsuccessful. He appealed to the Commonwealth Court, which granted and the Parole Board's motion to remand in order to credit Glenn with 411 days against his sentence. According to Glenn, this would have resulted in his immediate release. However, instead of releasing him, the Parole Board increased Glenn's sentence by 411 days, extending his period of incarceration to April 27, 2011. Glenn sought a writ of mandamus from the Pennsylvania Supreme Court, but his petition was denied.

Glenn filed a complaint in the District Court pursuant to 42 U.S.C. § 1983. He alleged that he was being incarcerated beyond his original sentence in violation of the Eighth and Fourteenth Amendments and sought compensatory and punitive damages. He did not seek to hasten his release from prison. The District Court concluded that Glenn's claims were barred by Heck v. Humphrey, 512 U.S. 477 (1994), and that amending the complaint would be futile, and it dismissed the complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). Glenn moved to alter or amend the judgment, but the District Court denied the motion.

Glenn appealed. We have jurisdiction to hear this appeal. 42 U.S.C. § 1291. We review the District Court's § 1915(e) dismissal without leave to amend for abuse of discretion. Denton v. Hernandez, 504 U.S. 25, 33, (1992). To the extent that the District Court engaged in the choice, application, and interpretation of the law, our review is

2

plenary.  Deutsch v. United States, 67 F.3d 1080, 1083 (3d Cir.1995).  Finally, we may summarily affirm a decision of the District Court if the appeal does not raise a substantial issue.  L.A.R. 27.4; I.O.P. 10.6.

"[W]hen a state prisoner is challenging the very fact or duration of his physical confinement [. . .] his sole federal remedy is a writ of habeas corpus."  Presier v. Rodriguez, 411 U.S. 475, 500 (1973).  A prisoner cannot bring a § 1983 claim "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless he or she can show a favorable termination of the prior criminal proceeding.  Heck, 512 U.S. at 486-87.  In other words, if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," then a § 1983 action will not lie.  Id. at 487.  This analysis also applies to parole determinations.  Williams v. Consovoy, 453 F.3d 173, 177 (3d Cir. 2006).

For substantially the reasons given by the District Court, we conclude that Heck bars Glenn's action.  Were we to agree with Glenn that he has been imprisoned beyond the expiration of his sentence, that would necessarily imply that the Parle Board has incorrectly determined his release date or has failed to timely release him.  Because no court has so held, Glenn's action is barred by Heck.[1]

Accordingly, we conclude that this appeal presents no substantial question, and we

---

[1]     Glenn argues that the Commonwealth Court's decision to remand the case constituted a "favorable termination."  However, it was the Parole Board's subsequent decision on remand—that Glenn's sentence be increased, instead of decreased, by 411

3

will affirm the decision of the District Court.

---

days—that, according to Glenn, resulted in his alleged incarceration beyond the sentence imposed by the court.